UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH CHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-946-G |
| | ) |
| KAREN MAY BACDAYAN et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Keith Chan, appearing pro se, filed his Complaint (Doc. No. 1) on August 20, 2025. Upon review, the Court dismisses the Complaint.

### BACKGROUND

In his Complaint, Plaintiff names as defendants Karen May Bacdayan, Kevin C. McClanahan, and Re/Max. *See id.* at 1. The factual allegations of the Complaint are, in their entirety:

1. The current owner of the apartment where Plaintiff resides is Re/Max . . . ;

2. [Defendants] conspired together, forged the record, and deprived Plaintiff [of] due process, [and]

3. This Court has jurisdiction under the RICO Act.

*Id.* Plaintiff requests as relief "$1 Billion against all Defendants." *Id.*

### DISCUSSION

Although courts construe pro se litigants' pleadings liberally, pro se parties must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted);

*accord Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that "[t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

As detailed below, Plaintiff's Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which states in relevant part:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
>   . . . .
>
>   **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief[.]

Fed. R. Civ. P. 8(a)(2).

As a result, the Complaint may be dismissed pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (holding that Rule 41(b) "specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure," including the "failure to satisfy Rule 8"). A district court may "employ[] Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 . . . without attention to any particular procedures," *id.* at 1162, and need not wait on a motion to dismiss, *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see, e.g.*, *Tanguma v. Kardashian*, No. CIV-18-948-G, 2018 WL 5018480, at *1 (W.D. Okla. Oct. 16, 2018).

Plaintiff's Complaint fails to meet the standards of Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement showing that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). "While the pleading standard Rule 8 announces does

not require detailed factual allegations, the complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (citation and internal quotation marks omitted). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 550 U.S. 544, 678 (2009)). Here, the Complaint presents a single fact that does not reasonably implicate all the defendants or show how they would be liable for a civil conspiracy. Further, to the extent the Complaint offers only bare legal conclusions, unsupported by factual allegations, these are not entitled to the assumption of truth. *See id.*

Even under a liberal construction, Plaintiff's Complaint fails to meet the Rule 8(a) pleading requirements and is therefore subject to dismissal under Rule 41(b).

## CONCLUSION

Accordingly, Plaintiff's Complaint (Doc. No. 1) is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. A separate judgment shall be entered.

Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 2) is DENIED AS MOOT.

IT IS SO ORDERED this 15th day of October, 2025.

CHARLES B. GOODWIN
United States District Judge

3